## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LEE GRIFFIN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:24-cv-02532** |
| | ) | |
| **RYDER INTEGRATED** | ) | |
| **LOGISTICS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Ryder Integrated Logistics, Inc. ("Ryder"), appears for the purpose of removing to the United States District Court for the Southern District of Illinois the action styled *Lee Griffin, Jr. v. Ryder Integrated Logistics, Inc.*, Case No. 2024LA001279, currently pending in the Circuit Court of Madison County, Illinois. Ryder removes this case on grounds of both diversity jurisdiction under 28 U.S.C. § 1441 and federal question under 28 U.S.C. § 1331. In support of its Notice of Removal, Ryder states:

### Background

1.      Plaintiff Lee Griffin, Jr. commenced the above-captioned action in the Circuit Court of Madison County, Illinois on September 27, 2024, by filing his Complaint in the case styled *Lee Griffin, Jr. v. Ryder Integrated Logistics, Inc.*, Case No. 2024LA001279. Plaintiff's Complaint purports to assert claims for race discrimination under Title VII of the Civil Rights Act of 1964.

2.      Plaintiff served Ryder with a summons and a copy of the Complaint on November 1, 2024. The Complaint is attached as Exhibit A.

3.      In accordance with 28 U.S.C. § 1446(a), a copy of the Court file is attached as Exhibit B.

11896944v1

4.	Under 28 U.S.C. §§ 1441, 1446(b), removal is timely if filed within 30 days after a defendant is served with a summons and the initial pleading.  Ryder is timely filing this removal, within 30 days of service.

<u>**Federal Question Jurisdiction**</u>

5.	Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.	The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 by reason of Plaintiff bringing causes of action arising out of federal law.  Specifically, Plaintiff purports to assert a claim under Title VII, a federal statute.

<u>**Diversity Jurisdiction**</u>

7.	The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) by reason of complete diversity jurisdiction between the parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

*Diversity of Citizenship*

8.	As an initial matter, there is complete diversity of citizenship between the parties.

9.	According to Plaintiff's complaint and as represented throughout Court file, Plaintiff is a citizen of and resides in Illinois.  Ex. A at 2; Ex. B at 64, 68, 77, 81.

10.	For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332; *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is generally where its headquarters is located).

11.	Ryder Integrated Logistics, Inc. is incorporated in Delaware.  Its principal place of business is in Florida, where it is headquartered.  Ryder is therefore a citizen of Delaware and Florida for diversity purposes.

2

12.    Accordingly, there is complete diversity of citizenship.

***Amount in Controversy***

13.    The amount in controversy claimed by Plaintiff also exceeds $75,000.00, exclusive of interest and costs.  *See Hart v. Schering Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001) (explaining that the amount in controversy "is whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins").

14.    Plaintiff's alleged damages include lost wages, "the inability to maintain his lifestyle," and punitive damages.  Ex. A, Compl. ¶ 6.

15.    He specifically alleges damages in the amount of $100,000.  *Id.*

16.    Given his demand, as well as the available damages under Title VII, the amount in controversy exceeds $75,000.

**Conclusion**

17.    As noted in the paragraphs above, Ryder is properly removing this case to federal court pursuant to 28 U.S.C. § 1441 because all of the parties are diverse and the amount in controversy exceeds $75,000.00 and 28 U.S.C. § 1331 because Plaintiff filed suit under Title VII, a federal statute.

18.    Under §§ 1332, 1441(a) and 1446(a), and Local Rule 3.2, the United States District Court for the Southern District of Illinois is the appropriate court for removing an action from the Circuit Court of Madison County, Illinois, where this action was filed.

19.    Promptly, upon filing this Notice of Removal, Ryder shall give notice in writing to all parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Madison County, Illinois.

11896944v1

WHEREFORE, Defendant Ryder gives notice that this action is removed from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois.

Respectfully submitted this 26th day of November, 2024.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*/s/ R. Evan Jarrold*
R. Evan Jarrold, MO Bar No. 64936
1201 Walnut Street, Suite 2350
Kansas City, Missouri 64106
Telephone: (816) 472-6400
Facsimile: (816) 472-6401
ejarrold@constangy.com

and

Ashley L. Orler, Attorney No. 6297339
20 North Wacker, Suite 4120
Chicago, Illinois 60606
Telephone: (773) 661-4710
aorler@constangy.com

ATTORNEYS FOR DEFENDANT

4

11896944v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2024, a true and correct copy of the above and foregoing was served via the Court's electronic filing system, and a copy was also served via electronic mail, and via U.S. Mail, on the following:

Lee Griffin, Jr.
758 Faith Court
East St. Louis, IL 62203
Leegriffin421@gmail.com

Pro Se Plaintiff


*/s/ R. Evan Jarrold*
Attorney for Defendant

5

11896944v1